1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA

10

11   CLIFTON Z. FREEMAN, JR.,              Case No. 5:14-cv-2350-DSF (GJS)

12              Plaintiff

13          v.                             **ORDER ACCEPTING FINDINGS
                                           AND RECOMMENDATIONS OF
14   CRESIE LYONS et al.,                  UNITED STATES MAGISTRATE
                                           JUDGE**
15              Defendants.

16

17        Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended

18   Complaint and all pleadings, motions, and other documents filed in this action, the

19   Report and Recommendation of United States Magistrate Judge ("Report"), and the

20   parties' respective Objections to the Report.  Pursuant to 28 U.S.C. § 636(b)(1)(C)

21   and Fed. R. Civ. P. 72(b), the Court has conducted a de novo review of those

22   portions of the Report to which objections have been stated.

23        Plaintiff's Objections—like his First Amended Complaint—do not articulate

24   a single viable theory of liability against Defendants Toney, Lejeune, Tate, Webber,

25   Brown, Mashimo, Patterson, or Milusnic, for whom the Magistrate Judge

26   recommends dismissal.  Furthermore, Plaintiff's Objections fail to explain how

27   discovery would be fruitful for purposes of alleging a viable claim against these

28   Defendants, particularly after the Court gave Plaintiff a generous chance to amend

the original Complaint under a new legal theory.  In addition, Plaintiff's baseless belief that Defendant Santa waived service of process is not convincing.  On March 31, 2016, the Court advised Plaintiff that he would have to pursue his available discovery remedies, including under Fed.R. Civ. P. 45, to effect service of process on Santa.  Plaintiff did not contact the Court again regarding service of process on Santa until eight months later, when these Objections were filed.  Plaintiff has failed to meet his burden of showing good cause for his failure to effect service of process on Santa.

Defendants Lyons' and Parker's Objections are an attempt to salvage their Motion to Dismiss by arguing an entirely new theory for qualified immunity that was not presented in connection with that Motion.  Defendants proffer no explanation for their failure to raise this theory in their Motion to Dismiss. "[A]llowing parties to litigate fully their case before the Magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrate Act." *See Greenhow v. Secretary of Health & Human Services,* 863 F.2d 633, 638-39 (9th Cir. 1988), *overruled on other grounds, United States v. Hardesty,* 977 F.2d 1347, 1348 (9th Cir. 1992) (en banc).  The Court declines to consider this belatedly asserted theory.

Accordingly, the Court accepts the findings and recommendations set forth in the Report. **IT IS ORDERED** that:

(1) Defendants' Motion to Dismiss ("Motion") [Dkt. 85] is GRANTED in part and DENIED in part, pursuant to Fed. R. Civ. P. 12(b)(6), as follows:

a) the Motion is GRANTED with respect to Plaintiff's claims against Defendants Toney, Lejeune, Tate, Webber, Brown, Mashimo, Patterson, and Milusnic, and these claims are dismissed without leave to amend and with prejudice;

b) the Motion is DENIED with respect to Plaintiff's First Amendment retaliation claim against Defendant Lyons; and

2

c)  the Motion is DENIED with respect to Plaintiff's First Amendment retaliation claims against Defendant Parker;

(2) Plaintiff's claims against Defendant Santa are dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m); and

(3)  Defendants Lyons and Parker are directed to file and serve an Answer to the First Amended Complaint, as so amended, within 21 days of this Order.

**IT IS SO ORDERED.**

DATE: _12/16/16_____          _____

DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

3